WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
            jchang@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS (**Pension Fund** by its Trustees, Cedric Ota, Leonard Leong, Alan Shintani, Fred Lau, Karl Kamada, Greg Uyematsu, Mark Matsumoto, Peter Ganaban, Joby North II, Alfonso Oliver, Pete Lindsey, and Narsi Ganaban; **Health & Welfare Fund** by its Trustees, Ron Prescott, Russell Nonaka, Anacleto Alcantra, Mark Tagami, Mark Tamashiro, Alfonso Oliver, Peter Ganaban, Joby North II, Toni Figueroa, and Mark Matsumoto; **Annuity Fund** by its Trustees, Ryan Wada, Clay Asato, Anacleto Alcantra, Craig | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "1" – "4"; SUMMONS** |

Nakanishi, Claude Matsumoto, Mark Matsumoto, Peter Ganaban, Alfonso Oliver, Joby North II, and Mark Travalino; **Laborers' and Employers' Cooperation and Education Trust Fund (LECET)** by its Trustees, Leonard Dempsey, Kenneth Kobatake, Mark Tamashiro, Deron Matsuoka, Peter Ganaban, Alfonso Oliver, Joseph Yaw, and Orlando Paeste; **Apprenticeship and Training Fund** by its Trustees, Stephen Yoshida, Anthony Tomas, Van Goto, Scott I. Higa, Leonard Leong, Peter Ganaban, Toni Figueroa, Alfonso Oliver, Alvis McCann, and Richard Nishie, **Vacation & Holiday Fund by its Trustees**, Burt Watanabe, Anacleto Alcantra, Claude Matsumoto, Alfonso Oliver, Peter Ganaban, Joby North II, and Mark Travalino),

     Plaintiffs,

 vs.

PACIFIC ISLAND CHEMICALS CORPORATION, dba TESTRON HAWAII, a Hawaii corporation, and ROBERT E. PATTERSON, individually,

     Defendants.

2

## COMPLAINT FOR SPECIFIC
## PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendant above-named alleges and avers as follows:

## FIRST CAUSE OF ACTION
## (SPECIFIC PERFORMANCE)

1.   Plaintiffs are the Trustees of the Hawaii Laborers' Trust Funds which consist of the Hawaii Laborers' Health & Welfare Trust Fund, Hawaii Laborers' Pension Trust Fund, Hawaii Laborers' Apprenticeship and Training Trust Fund, Hawaii Laborers' Vacation & Holiday Trust Fund, Hawaii Laborers' Annuity Trust Fund, and Hawaii Laborers and Employers' Cooperative and Education Trust Fund (hereafter "Trust Funds").

2.   This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant PACIFIC ISLAND CHEMICALS CORPORATION, dba TESTRON HAWAII (hereinafter "Defendant" or "Defendant TESTRON"), was, and is now, a Hawaii corporation, doing business in the State of Hawaii.

5. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein Defendant ROBERT E. PATTERSON (hereinafter "PATTERSON" or "Defendant PATTERSON"), was and is now, a Hawaii resident doing business in the State of Hawaii.

4

6. On or about March 27, 2015, Defendant, by and through its Vice President/Director, Robert Patterson, made, executed and delivered to the Laborers' International Union of North America, Local 368, AFL-CIO (hereinafter "Laborers' Union"), that certain written collective bargaining agreement, entitled "EXHIBIT "G" CERTIFICATION OF RECEIPT AND ACCEPTANCE, LABOR AGREEMENT COVERING CONSTRUCTION MASONRY LABORERS IN THE STATE OF HAWAII AND AGREEMENTS AND DECLARATION OF TRUST APPURTENANT HERETO" (hereinafter "Agreement") covering Defendant's laborers in the State Of Hawaii. A true copy of said Agreement is attached hereto as Exhibit "1", and is incorporated herein by reference.  Said Agreement by its terms incorporated the various Trust Agreements establishing each of Plaintiffs' trusts.  By said agreement(s), Defendant promised to contribute and pay to the Trust Funds (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after September 1, 2014.

7. By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after September 1, 2014, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

8. By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

9. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

10. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

11. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

12. Defendant has failed to submit timely accurate payments and reports.

13.   Defendant now continues to fail, neglect and refuse to submit timely accurate reports and payments, and unless ordered to specifically perform the agreement(s) to submit timely accurate reports and payments, Defendant will continue to fail, neglect and refuse to submit timely accurate reports and payments.  Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely accurate reports and payments will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely accurate reports and payments pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

14.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 13 of the First Cause of Action hereinabove set forth.

15.   By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by

each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

16. Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

17. Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

18. At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for

the damages caused the Plaintiffs by the non-payment of said contributions.

19.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

20.   By virtue of the foregoing, Plaintiffs have been damaged in the amounts as may be proven at trial of hearing on proof.

21.   It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

### THIRD CAUSE OF ACTION
### (PROMISSORY NOTE)

22.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 21. of the First and Second Cause of Action hereinabove set forth.

23. On or about July 2, 2018, Defendant PATTERSON executed a Promissory Note dated July 2, 2018 (hereinafter "Note") and effective on even date (a true and accurate copy of said Note is attached hereto as Exhibit "2"), acknowledging the obligation to pay to Plaintiffs the monetary amount of $100,679.38 including twelve percent (12%) per annum interest thereon, which sum represented the liquidated amount owed by Defendant to Plaintiffs for the October 2014 through August 2017 audit, and September 2016, December 2016 and January 2017 report periods.

24. Payment of the amounts due on the Note has not been made notwithstanding Defendant's default thereunder and pursuant to Defendant and Defendant PATTERSON's (collectively "Defendants") July 2, 2018 Amended Letter Agreement with Plaintiffs. A true and correct copy of the July 2, 2018 Amended Letter Agreement is attached hereto as Exhibit "3" and made a part hereof.

25. Plaintiffs notified Defendants that Defendant had defaulted on the July 2, 2018 Amended Agreement and July 2, 2018 Note, and therefore, Plaintiffs would be asserting their rights under the July 2, 2018 Amended Letter Agreement and July 2,

2018 Note to immediate payment of the amounts due under the Note from Defendant.

26. Pursuant to the Note, Defendant agreed to pay all costs of collection, including reasonable attorneys' fees, incurred by Plaintiffs in the collection of the amounts due on the Note.

27. By virtue of the foregoing, Plaintiffs have been damaged by Defendant in the principal amount of $100,311.78, plus interest from October 12, 2019 (last payment made) through November 12, 2019 of $8,791.75 totaling $109,103.53 at $32.98 per diem until entry of judgment thereon and such additional amounts as may be proven at trial or hearing on proof.

28. This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

### FOURTH CAUSE OF ACTION
### (TRUST FUND CONTINUING GUARANTY)

29. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 28. of the First, Second and Third Causes of Action hereinabove set forth.

30. On or about July 2, 2018, Defendant PATTERSON executed a July 2, 2018 Trust Fund Continuing Guaranty ("Guaranty"), effective on even date, whereby Defendant Patterson personally guaranteed payment of Defendant's Note and any further delinquencies of Defendant under the written agreement (Exhibit "1") to the Trust Funds.  A true and accurate copy of said July 2, 2018 Guaranty is attached hereto as Exhibit "4".

31. Plaintiffs notified Defendant PATTERSON that because Defendant had defaulted on said Note and incurred further delinquencies, that Plaintiffs were asserting their rights under the Guaranty.

32. Defendant PATTERSON has refused and failed to comply, and continues to refuse and fail to comply with Plaintiffs' demand for payment pursuant to the express terms of the Note and Guaranty.

33. Defendant PATTERSON is thus jointly and severally liable with Defendant to Plaintiffs for the Collective Bargaining Agreement and Note amounts set forth in the Second and Third Causes of Action set forth above.

34. This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant PACIFIC ISLAND CHEMICALS CORPORATION, dba TESTRON HAWAII, a Hawaii corporation, and Defendant ROBERT E. PATTERSON, individually, jointly and severally, collectively "Defendants", as to the First, Second, Third and Fourth Causes of Action, as follows:

1. That the Court order Defendant to submit timely accurate reports and payments in accordance with said agreement(s).

2. That the Court orders Defendant to permit Plaintiffs to audit its payroll books and records for the period of October 2019 through the present in accordance with said agreement(s).

3. That the Court awards to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court awards to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s). 29 U.S.C. § 1132(g).

5. That the Court orders and compels Defendant to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6. For judgment on the Defendants' July 2, 2018 Amended Letter Agreement and Defendant PATTERSON's Guaranty thereof for amounts as may be due and owing on the Defendant's agreements with the Laborers' Union at the time of trial or proof.

7. For Judgment against Defendants on the Note and Guaranty (Exhibits "2" and "4") for the principal amount of $100,311.78, plus interest through November 12, 2019 of $8,791.53, totaling $109,103.53 and at $32.98 per diem thereafter

until entry of judgment thereon and collection costs, costs of court and reasonable attorneys' fees under said Note.

8. That the Court awards the Plaintiffs and against the Defendant such additional amounts, as may, by proof, be shown to be due and owing at the time of trial or proof.

9. That the Court awards to Plaintiffs and against the Defendants all collection costs, audit fees, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

10. That the Court orders and awards any further and additional relief as the Court deems proper.

DATED: Honolulu, Hawaii, December 3 , 2019.

**WEINBERG, ROGER & ROSENFELD**

/S/ ASHLEY K. IKEDA
ASHLEY K. IKEDA
Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
LABORERS' TRUST FUNDS